UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROGER BLOCK and DARLA BLOCK,

Plaintiffs,

v.

Case No. 11-11181
Honorable Patrick J. Duggan

BAC HOME LOANS SERVICING LP, and
FANNIE MAE,

Defendants.
______________________________/

**OPINION AND ORDER GRANTING DEFENDANTS' MOTION TO DISMISS**

Plaintiffs, Roger Block and Darla Block (hereafter the "Plaintiffs"), initiated this action to quiet title to and set aside the foreclosure of their principal residence in Highland, Michigan ("Property"). Presently before the Court is Defendants' motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(1) and (6), filed February 3, 2012. The motion has been fully briefed and the Court held a motion hearing on May 23, 2012. For the reasons that follow, Defendants' motion is granted.

## I. Factual and Procedural Background

On October 21, 2005, Plaintiffs accepted a $111,000.00 loan from America's Wholesale Lender ("AWL") and, in exchange, executed a promissory note, secured by a mortgage on the Property. Mortgage Electronic Registrations System, Inc. ("MERS") is the mortgagee under the mortgage. On October 7, 2009, MERS assigned the mortgage to BAC Home Loan Servicing, L.P. ("BAC"). BANA LP, LLC is successor by merger to BAC.

At some unidentified time, Plaintiffs defaulted on their payment obligations under the loan agreement and BANA foreclosed on the Property. At a March 16, 2010 Sheriff's Sale, BANA was the successful bidder. On June 8, 2010, BANA, by Quit Claim Deed, conveyed any interest it held in the Property to Defendant Federal National Mortgage Association ("Fannie Mae"). The redemption period expired on September 16, 2010. Michigan Comp. Laws § 600.3240(8). Thereafter, Fannie Mae initiated proceedings in the 52nd District Court for the State of Michigan to evict Plaintiffs from the Property.

In response, on February 15, 2011, Plaintiffs filed this action in the Circuit Court for Oakland County, Michigan. In their Complaint, Plaintiffs allege the following claims: (I) quiet title; (II) unjust enrichment; (III) breach of Michigan Compiled Laws § 600.3205; and (IV) "deceptive act and/or unfair practice." In support of their claims, Plaintiffs allege that Defendants failed to complete the loan modification process with and denied Plaintiffs a loan modification. (*See* Compl. ¶ 11.) Plaintiffs further allege that "upon information and belief Defendant(s) may have submitted affidavits or signed other documents in support of the non-judicial foreclosure that appear to have procedural defects." (*Id*. ¶ 14.) More specifically, Plaintiffs state that "affidavits and other documents may have been signed by persons who did not have personal knowledge of the facts asserted in the documents" and "affidavits may have been signed outside the presence of a notary public, contrary to law." (*Id*. ¶¶ 15-16.)

Defendants timely removed Plaintiffs' Complaint to this Court on March 23, 2011, based on diversity jurisdiction. 28 U.S.C. §§ 1332, 1441, 1446.

**II. Standard for a Motion to Dismiss**

A motion to dismiss pursuant to Rule 12(b)(1) seeks to dismiss a complaint for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). Proper jurisdiction is a requirement in determining the validity of a claim, and as such, Rule 12(b)(1) motions must be considered prior to any other challenges. *See Bell v. Hood*, 327 U.S. 678, 682, 66 S. Ct. 773, 776 (1946).

Defendants' Rule 12(b)(1) motion focuses on Plaintiffs' "standing" to assert a claim to the Property after the redemption period has expired. Federal district courts have noted, however, that the term "standing" is "a bit of a misnomer" in the context of this sort of mortgage-related claim. *Tatar v. Trott & Trott, P.C.*, No. 10-12832, 2011 WL 3706510, at *7 n.3 (E.D. Mich. Aug. 3, 2011) (citing *Brezzell v. Bank of Am., N.A.*, No. 11-11467, 2011 WL 2682973 (E.D. Mich. July 11, 2011) and *Chase Home Fin. LLC*, 2011 WL 130926, *2 n.2 (W.D. Mich. 2011)). These courts have held that the standing requirement of Article III of the United States Constitution is satisfied, and the plaintiff's failure to assert a claim during the redemption period is an issue that goes to the claim's merits. *See, e.g., Brezzell*, 2011 WL 2682973, at *4 n.3. Defendants' arguments should therefore be addressed in the context of Rule 12(b)(6).

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the complaint. *RMI Titanium Co. v. Westinghouse Elec. Corp.*, 78 F.3d 1125, 1134 (6th Cir. 1996). Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader

is entitled to relief." To survive a motion to dismiss, a complaint need not contain "detailed factual allegations," but it must contain more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action . . ." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 555, 570, 127 S. Ct. 1955, 1964-65, 1974 (2007). A complaint does not "suffice if it tenders 'naked assertions' devoid of 'further factual enhancement.'" *Ashcroft v. Iqbal*, 556 U.S. 662, – , 129 S. Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 557, 127 S. Ct at 1966).

As the Supreme Court provided in *Iqbal* and *Twombly*, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id*. (quoting *Twombly*, 550 U.S. at 570, 127 S. Ct. at 1974). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citing *Twombly*, 550 U.S. at 556, 127 S. Ct. at 1965). The plausibility standard "does not impose a probability requirement at the pleading stage; it simply calls for enough facts "to raise a reasonable expectation that discovery will reveal evidence of illegal [conduct]." *Twombly*, 550 U.S. at 556, 127 S. Ct. at 1965.

In deciding whether the plaintiff has set forth a "plausible" claim, the court must accept the factual allegations in the complaint as true. *Id*.; *see also Erickson v. Pardus*, 551 U.S. 89, 127 S. Ct. 2197, 2200 (2007). This presumption, however, is not applicable to legal conclusions. *Iqbal*, 129 S. Ct. at 1949. Therefore, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."

*Id*. (citing *Twombly*, 550 U.S. at 555, 127 S. Ct. at 1965-65).

## III. Applicable Law and Analysis

### A. Claim to Quiet Title

Michigan law provides that "[a]ny person . . . who claims any right in, title to, equitable title to, interest in, or right to possession of land, may bring an action . . . against any other person who claims . . . [an inconsistent interest.]" Mich. Comp. Laws § 600.2932(1). Under Michigan law, the plaintiff has the burden of proof in an action to quiet title and must make out a *prima facie* case of title. *Stinebaugh v. Bristol*, 132 Mich. App. 311, 316, 347 N.W.2d 219, 221 (1984). If the plaintiff presents a *prima facie* case of title, the defendant then bears the burden of proving a superior right or title in itself. *Beulah Hoagland Appleton Qualified Pers. Residence Trust v. Emmet Cnty. Rd. Comm'r*, 236 Mich. App. 546, 549, 600 N.W.2d 698, 700 (1999). In the present matter, because the Property was properly foreclosed and sold and the redemption period has expired, all rights to the Property have vested in Fannie Mae. Plaintiffs fail to set forth facts to allege a valid claim of fraud or irregularity sufficient to set aside the foreclosure sale.

Under Michigan law, once the redemption period has expired, the former owner's rights in and title to the property are extinguished. *Piotrowski v. State Land Office Bd.*, 302 Mich. 179, 187, 4 N.W.2d 514, 517 (1942); *see also* Michigan Compiled Laws § 600.3236. At that point, the former owner can no longer assert claims with respect to the property. *Overton v. Mortg. Elec. Registration Sys., Inc.*, No. 284950, 2009 WL 1507342, at *1 (Mich. Ct. App. May 28, 2009). "'The law in Michigan does not allow an

equitable extension of the period to redeem from a statutory foreclosure sale in connection with a mortgage foreclosed by advertisement and posting of notice in the absence of a clear showing of fraud, or irregularity.'" *Id*. (quoting *Schulthies v. Barron*, 16 Mich. App. 246, 247-248, 167 N.W.2d 784, 785 (1969)).

The statutory redemption period expired on September 16, 2010, before Plaintiffs filed their Complaint in this action. Even if Plaintiffs had filed suit before the redemption period expired, doing so would not have tolled the redemption period. *Id*. Nor do Plaintiffs allege sufficient facts in their Complaint to assert fraud or irregularity to justify an equitable extension of the redemption period. While Plaintiffs claim that Defendants violated Michigan's loan modification statute, Michigan Compiled Laws § 600.3205c, courts in the Eastern District of Michigan uniformly have held that such violations are insufficient to justify setting aside a completed foreclosure sale. *See, e.g., Adams v. Wells Fargo Bank, N.A.*, No. 11-10150, 2011 WL 3500990, at *4 (E.D. Mich. Aug. 10, 2011) (Battani, J.); *Nafso v. Wells Fargo Bank, N.A.*, No. 11-10478, 2011 WL 1575372, at *3 (E.D. Mich. Apr. 26, 2011) (Cohn, J.); *Stein v. U.S. Bancorp*, No. 10-14026, 2011 WL 740537, at *8, 10 (E.D. Mich. Feb. 24, 2011) (Cook, J.).

The statute provides for the following relief:

> If a mortgage holder or mortgage servicer begins foreclosure proceedings under this chapter in violation of this section, the borrower may file an action in the circuit court for the county where the mortgaged property is situated to convert the foreclosure proceeding to a judicial foreclosure. If a borrower files an action under this section and the court determines that the borrower participated in the process under section 3205b, a modification agreement was not reached, and the borrower is eligible for modification

> under subsection (1), and subsection (7) does not apply, the court shall enjoin foreclosure of the mortgage by advertisement and order that the foreclosure proceed under chapter 31.

Mich. Comp. Laws § 600.3205(c)(8). Thus even if Defendants violated the loan modification statute, the relief available was to file an action to convert the foreclosure by advertisement to a judicial proceeding. "The provision allows certain borrowers to determine the type of foreclosure proceeding, not to avoid foreclosure altogether or set aside an already-completed foreclosure." *Stein*, 2011 WL 740537, at *10. Plaintiffs do not allege that they availed themselves of this provision before the foreclosure proceedings concluded.

Plaintiffs also appear to be challenging the foreclosure based on "procedural defects." They allege that "Defendant(s) *may have* submitted affidavits or signed other documents in support of the non-judicial foreclosure that appear to have procedural defects." (Compl. ¶ 14, emphasis added.) They further allege that the affidavits or documents "*may* have been signed by persons who did not have personal knowledge of the facts asserted in the documents . . . or outside the of the presence of a notary public . . .." (*Id.* ¶¶ 15-16, emphasis added). Plaintiffs' vague and speculative assertions of what has been labeled as "robo-signing" are insufficient to state a plausible claim of fraud or irregularity. *Iqbal*, 556 U.S. –, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 570, 127 S. Ct. at 1974).

At the motion hearing, Plaintiffs' counsel appeared to be arguing that the allegedly defective affidavit(s) was submitted in support of the eviction proceedings and that the

statements therein of which the affiant lacked personal knowledge related to compliance with Michigan's loan modification statute (specifically, whether a "14-day letter" was sent to Plaintiffs). The submission therefore has no relation to the foreclosure itself and is not a basis for setting aside the foreclosure sale. Moreover, again, the loan modification statute sets forth a specific remedy for the violation of the statute.

For these reasons, Plaintiffs' quiet title claim is dismissed.

**B. Unjust Enrichment**

Establishing a claim for unjust enrichment requires proof of a receipt of a benefit by the defendant from the plaintiff and an inequity resulting to the plaintiff because of the retention of the benefit. *Dumas v. Auto Club Ins. Ass'n*, 437 Mich. 521, 546, 473 N.W.2d 652 (1991). Plaintiffs rely on the same procedural defects to support their unjust enrichment claim that they assert in support of their quiet title claim (i.e. violations of the loan modification statute and robo-signing). Plaintiffs' allegations bear no relevance to their unjust enrichment claim; they have not specified the benefit received by Defendant(s) or the inequity resulting from the retention thereof.

Plaintiffs assert in their response brief that "[t]he inequities to the Plaintiffs are obvious." (Pls.' Resp. Br. at 6.) They are not to this Court. In any event, even if they were, the law still requires them to be pled as facts in Plaintiffs' Complaint. Plaintiffs do not set forth facts in response to Defendants' motion suggesting that they could amend

their Complaint to state a viable unjust enrichment claim.[1]

**C. Michigan Compiled Laws § 600.3205c**

Plaintiffs allege that Defendants violated Michigan's loan modification statute by: (a) "fail[ing] to complete the Loan Modification process and subsequently and apparently den[ying] Plaintiffs a Loan Modification without following the statutory requirements" (Compl. ¶ 11); and (b) not providing Plaintiffs "with a copy of any calculations made by the Defendant(s) and a copy of the program." (*Id*. ¶ 12.) Plaintiffs fail to set forth facts to find a violation of the statute. However even assuming that Defendants violated the statute, as set forth in the previous subsection, Plaintiffs' remedy was to "file an action in the circuit court for the county where the mortgaged property is situated to convert the

---

[1]Addressing Defendants' motion to dismiss their unjust enrichment claim, Plaintiffs state in their response brief:

> . . . Fannie Mae now has legal title to the subject property free and clear of Plaintiff's [sic] ownership rights. The Defendants received the proceeds of the Sheriff's Sale and can sue the Plaintiffs for any deficiency. The inequities to the Plaintiffs are obvious. Plaintiffs no longer have title to the subject property and may be forced to move from the subject property.

(Pls.' Resp. Br. at 5-6.) Of course, Fannie Mae has title to the Property because Plaintiffs defaulted on their mortgage loan and the mortgage documents allowed for foreclosure of the Property in that instance. Plaintiffs received a loan of $111,000.00 in exchange for the mortgage. "[A]n unjust enrichment claim cannot be maintained where there is an express contract that covers the same matter." *Heaton v. Bank of America Corp.*, No. 10-12394, 2011 WL 3112325, *5 (E.D. Mich. 2011) (citing *Kammer Asphalt Paving v. East China Twp. Sch.*, 443 Mich. 176, 504 N.W.2d 635 (1993)). Because the foreclosure relied on the rights conferred by a written mortgage agreement, Plaintiffs cannot state a viable unjust enrichment claim.

foreclosure proceeding to a judicial foreclosure." Mich. Comp. Laws § 600.3205c(8). The Court therefore is granting Defendants' motion to dismiss this claim.

**D. Deceptive Act and/or Unfair Practice**

In their final claim, Plaintiffs again refer to possible robo-signing by Defendants. At least two judges in this District already have held in other cases where Plaintiffs' counsel has asserted this claim on behalf of plaintiffs challenging foreclosure proceedings, "there is no cause of action under Michigan law for a deceptive act or unfair practice." *Sembly v. U.S. Bank Nat'l Assn.*, No. 11-12322, 2012 WL 32737, at * (E.D. Mich. Jan. 6, 2012) (Rosen, J.) (citing *Salman v. U.S. Bank*, NA, No. 11–10253, 2011 WL 4945845, at *6 (E.D. Mich. Oct.18, 2011) (Cook, J.).

In response to Defendants' motion, Plaintiffs list five Michigan fraud statutes that they now assert Defendants have violated: (1) Michigan Compiled Laws § 565.371 (recording fraudulent conveyances of realty); (2) Michigan Compiled Laws § 600.2701 (contempt of court); (3) Michigan Compiled Laws § 600.2907a (encumbering property through recording of documents without lawful cause); (4) Michigan Compiled Laws § 600.5855 (fraudulent concealment of claim or identity of persons liable); and (5) Michigan Compiled Laws § 445.252 (collection practices act). Plaintiffs set forth the language of each of these statutes, but fail to state how Defendants violated any of the statute's terms, much less facts to support such alleged violations. As set forth in Section II, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 129 S. Ct. at 1949 (citing *Twombly*, 550

U.S. at 555, 127 S. Ct. at 1965-65). As such, Defendants' motion to dismiss this claim also is granted.

Accordingly,

**IT IS ORDERED**, that Defendants' motion to dismiss is **GRANTED**.

Date: June 6, 2012

s/PATRICK J. DUGGAN
UNITED STATES DISTRICT JUDGE

Copies to:
Darwyn P. Fair, Esq.
Joseph H. Hickey, Esq.
Laura C. Baucus, Esq.
David J. Council, Esq.