UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROGER BLOCK and DARLA BLOCK,

       Plaintiffs,

v.                                                   Case No. 11-11181
                                                   Honorable Patrick J. Duggan

BAC HOME LOANS SERVICING LP, and
FANNIE MAE,

       Defendants.
_____/

## OPINION AND ORDER DENYING PLAINTIFFS' MOTION FOR RECONSIDERATION

Plaintiffs, Roger Block and Darla Block (hereafter the "Plaintiffs"), initiated this action to quiet title to and set aside the foreclosure of their principal residence in Highland, Michigan. Plaintiffs alleged the following claims in their Complaint: (I) quiet title; (II) unjust enrichment; (III) breach of Michigan Compiled Laws § 600.3205; and (IV) "deceptive act and/or unfair practice." Defendants filed a motion to dismiss on February 3, 2012, which this Court granted in an Opinion and Order entered June 6, 2012. Presently before the Court is Plaintiffs' motion for reconsideration with respect to that decision, filed pursuant to Eastern District of Michigan Local Rule 7.1 on June 20, 2012.

Local Rule 7.1(h) provides that a motion for reconsideration only should be granted if the movant demonstrates that the Court and the parties have been misled by a palpable defect and that a different disposition of the case must result from a correction of

such a palpable defect.[1]  E.D. Mich. LR 7.1(h)(3).  A motion that merely presents the same issues already ruled upon by the Court shall not be granted.  *Id*.  For the reasons that follow, Plaintiffs fail to demonstrate a palpable defect in this Court's June 6, 2012 decision.

First, Plaintiffs failed to set forth facts in their Complaint or in response to Defendants' motion to support a violation of the statutes cited in their response to support their claim initially pled as only a "deceptive act and/or unfair practice" claim.  The Court also notes that the alleged robo-signing Plaintiffs identify as the violation of the asserted statutes do not relate to documents used in the foreclosure proceedings.  As such, this alleged conduct would not provide fraud or irregularity to set aside the foreclosure.

Second, Plaintiffs fail to allege facts to support a violation of Michigan Compiled Laws § 600.3205c.  Unlike the homeowner in the case cited in Plaintiffs' motion for reconsideration, *Roller v. Federal Nat'l Mortg. Ass'n, et al.*, No. 12-11236 (E.D. Mich.), Plaintiffs did not allege (in their Complaint or otherwise) that they contacted a housing counselor such that the requirements of the statute came into play. (Pls.' Mot. A Ex. 1 at 2.)  Moreover, this Court does not agree with the district judge in *Roller* that a violation of those requirements would constitute an irregularity or fraud sufficient to set aside a foreclosure.  As discussed in this Court's June 6 decision, the statute provides an express remedy for a homeowner claiming a violation– filing an action in the circuit court where the property is situated to convert the foreclosure proceedings to a judicial foreclosure.

---

[1] Plaintiffs' counsel cites to subsection (g) of the Rule; however, the correct subsection relating to motions for reconsideration now is (h).

Mich. Comp. Laws § 600.3205c(8).

Accordingly,

**IT IS ORDERED**, that Plaintiffs' motion for reconsideration is **DENIED**.


Date: June 26, 2012

                                                s/PATRICK J. DUGGAN
                                                UNITED STATES DISTRICT JUDGE

Copies to:
Darwyn P. Fair, Esq.
Joseph H. Hickey, Esq.
Laura C. Baucus, Esq.
David J. Council, Esq.